UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BERTHEA V. D.,

                                    Plaintiff,

v.                                                                          5:18-CV-979(TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

OLINSKY LAW GROUP                      HOWARD D. OLINSKY, ESQ.
For Plaintiff                                        EDWARD A. WICKLUND, ESQ.
250 South Clinton Street, Suite 210
Syracuse, NY 13202

HON. GRANT JAQUITH                       LUCY WEILBRENNER, ESQ.
United States Attorney                         Special Assistant
For Defendant
100 S. Clinton St.
PO Box 7198
Syracuse, NY 13261-7198

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## <u>ORDER</u>

Presently before the Court in this action, in which Plaintiff seeks judicial review of an

adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. §405(g), are

cross-motions for judgment on the pleadings.[1]  Oral argument was conducted in connection with

those motions on January 16, 2020, during a telephone conference at which a court reporter was

---

[1]        This matter, which is before me on consent of the parties pursuant to 28 U.S.C. §
636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under
that General Order, once issue has been joined, an action such as this is considered procedurally as
if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal
Rules of Civil Procedure.

present. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found the Commissioner's determination resulted from the application of proper legal principles and was supported by substantial evidence, and I provided further detail regarding my reasoning and addressing the specific issues raised by the Plaintiff in her appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this Order and is incorporated in its entirety by reference herein, it is hereby,

**ORDERED**, as follows:

(1)     Defendant's motion for judgment on the pleadings is **GRANTED**;

(2)     The Commissioner's determination that Plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is **AFFIRMED**; and

(3)     The Clerk is directed to enter judgment, based upon this determination, dismissing Plaintiff's complaint in its entirety.

SO ORDERED.

Dated: January 22, 2020
         Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
BERTHEA VICTORIA D.,

                              Plaintiff,

vs.                              5:18-CV-979

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-------------------------------------------x

         Transcript of a **Decision** held during a

Telephone Conference on January 16, 2020, at the

James Hanley Federal Building, 100 South Clinton

Street, Syracuse, New York, the HONORABLE THÉRÈSE

WILEY DANCKS, United States Magistrate Judge,

Presiding.

                    A P P E A R A N C E S

                    (By Telephone)

For Plaintiff:      OLINSKY LAW OFFICE
                    Attorneys at Law
                    250 S. Clinton Street
                    Syracuse, New York  13202
                      BY:  EDWARD WICKLUND, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of the General Counsel
                    15 Sudbury Street
                    Suite 625
                    Boston, Massachusetts  02203
                      BY:  LUCY WEILBRENNER, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1                    (In Chambers, Counsel present by telephone.)

2          THE COURT:  So to begin, I have before me a request

3     for judicial review of an adverse determination by the Acting

4     Commissioner under 42 United States Code Section 405(g).

5          The background is as follows:  Plaintiff was born

6     in 1962 and is currently 57 years old.  She was 48 years old

7     at the alleged onset date of disability of September 14,

8     2010.  She has a high school education and is a certified

9     nurse assistant.  She last engaged in substantial gainful

10    activity on December 18, 2013, thus she must be found to be

11    under a disability since that date to be eligible for

12    benefits.

13         Her past jobs have included home health aide and

14    hotel housekeeper.  In her application for benefits, she

15    indicated she suffers from human immunodeficiency virus, or

16    HIV, degenerative disk disease, lupus, and anxiety.

17         Procedurally, for purposes of this matter, the

18    plaintiff filed for Title XVI benefits on December 18, 2013.

19    As noted, she alleged an onset date of disability beginning

20    September 14, 2010.  An earlier hearing was held on

21    August 24, 2015 which resulted in an unfavorable decision and

22    the Appeals Council denied review.  An appeal to the District

23    Court ensued and the case was ultimately remanded.

24    Thereafter, a further hearing was conducted by Administrative

25    Law Judge Jeremy Eldred on March 5, 2018, wherein the

1    plaintiff testified, as did a vocational expert.  ALJ Eldred

2    issued a decision on June 14, 2018, finding that plaintiff

3    was not disabled at the relevant times.  This became the

4    final determination of the Social Security Administration

5    since plaintiff bypassed written exceptions and the Appeals

6    Council did not assume jurisdiction.  This timely District

7    Court action followed.

8           In this case, ALJ Eldred applied the requisite

9    five-step sequential test for determining disability.

10          At step one, he found plaintiff had not engaged in

11   substantial gainful activity since December 18, 2013, as

12   noted above.

13          At step two, he concluded plaintiff suffers from

14   the severe conditions of degenerative disk disease of the

15   cervical and lumbar spines, degenerative joint disease of the

16   shoulders, HIV, discoid lupus erythematosus, herpes zoster

17   ophthalmicus, residual complications of a total abdominal

18   hysterectomy, and a history of polysubstance abuse.

19          At step three, the ALJ concluded that plaintiff's

20   conditions do not meet or medically equal any of the listed

21   presumptively disabling conditions.  Then after review of the

22   record evidence, the ALJ determined plaintiff is capable of

23   performing medium work with additional limitations.

24          At step four, the ALJ concluded the plaintiff had

25   no past relevant work, and at step five the ALJ applied the

1    the Medical-Vocational Guidelines, or the Grids, finding that

2    her nonexertional limitations did not have a significant

3    impact on the occupational base across all exertional levels,

4    including the medium occupational base, and he concluded

5    therefore that plaintiff was not disabled.

6             As relevant to the time period in question,

7    plaintiff treated with Syracuse Community Health Center,

8    mainly with Dr. Howard and Dr. Awayda.  She continued

9    treatment with Dr. Howard when he moved to a different

10   practice.  The plaintiff was also treated at Upstate

11   University Hospital, including in their emergency, surgical

12   specialties, physical therapy, and vision care departments.

13   She was also treated at St. Joseph's Hospital, Crouse

14   Hospital and its chemical dependency treatment services, and

15   Correctional Care Solutions.  She also sought treatment

16   through the Onondaga County Department of Social Services for

17   mental health and substance abuse issues.  She had a

18   consultative medical exam with Dr. Ganesh in February 2014,

19   and a consultative psychiatric exam with Dr. Fisher that same

20   day.

21            At the request of ALJ Eldred, a record review was

22   conducted by Dr. Chandrasekhar whose April of 2018 report was

23   proffered to plaintiff's counsel for review and comment but

24   no response was received.

25            I've reviewed the record carefully and in light of

1    the arguments of counsel and what counsel have presented in

2    their briefs, I've applied the requisite deferential standard

3    which requires me to determine whether proper legal

4    principles were applied and whether the result is supported

5    by substantial evidence.

6            I'll turn first to the ALJ's determination of

7    plaintiff's residual functional capacity, or RFC.  Plaintiff

8    argues that the ALJ improperly analyzed the opinion evidence.

9    Specifically, plaintiff argues the ALJ failed to weigh or

10   provide a proper analysis regarding the opinions of treating

11   physicians Drs. Howard and Awayda.  Plaintiff also argues the

12   ALJ failed to follow the treating physician rule.

13           I have done a thorough and searching review of the

14   record and find that the ALJ properly assessed the medical

15   and nonmedical evidence and the RFC is supported by

16   substantial evidence.  The ALJ discussed the medical evidence

17   and other evidence of record, formulated the RFC based upon

18   an assessment of all medical and nonmedical evidence as a

19   whole for the relevant time period, and explained his

20   analysis in arriving at the RFC.  The ALJ also followed the

21   terms of the District Court's remand.  The ALJ's decision

22   shows he considered treatment records for the relevant time

23   period as well as the opinions of record.

24           He noted the records regarding her HIV status show

25   it is under control, and plaintiff confirmed that in her

1  testimony.

2         Regarding the lupus condition that causes skin

3  issues, plaintiff testified she gets relief from a cream she

4  uses, and the records show the condition was regularly

5  treated without any reference to it causing disabling

6  symptoms.

7         Vision treatment records show she has adequate

8  vision despite the herpes zoster erythematosus that affects

9  her eyes.

10         Plaintiff testified and the record evidence shows

11  her substance abuse is in remission.

12         As to her musculoskeletal issues, the ALJ discussed

13  treatment records and findings.  He noted the findings on

14  exam in Dr. Ganesh's report showed minimal physical findings,

15  including a normal gait, normal and full strength in all

16  extremities, full range of motion in the cervical spine, and

17  no sensory deficits.

18         Likewise, most of the records of Drs. Howard and

19  Awayda often did not show any pertinent findings on exam of

20  plaintiff's shoulders, back, and neck.  Dr. Howard noted at

21  most treatment encounters in 2014 through 2018 that plaintiff

22  walked with a normal gait, had no cervical or lumbar

23  lordosis, and had full range of motion.  Her neck was supple

24  and she denied muscle weakness.  In 2013 she had good range

25  of motion in her neck and both upper extremities.  Many

1    records of Drs. Howard and Awayda throughout the period at

2    issue did not even mention anything about her musculoskeletal

3    symptoms other than to note it in a problem list.  Dr. Awayda

4    noted her spine to be without deformities or tenderness in

5    2013.  In 2014 Dr. Howard found good range of motion in her

6    upper and lower extremities.  Dr. Awayda found mild

7    tenderness in her cervical spine in early 2014 and noted the

8    findings of the 2014 MRIs of her neck and low back.  Still,

9    he found she had good motor power in upper and lower

10   extremities, despite the findings on the MRIs.  In

11   April 2014, Dr. Awayda found she was getting good improvement

12   with physical therapy.  Dr. Howard noted in May of 2014 that

13   she had good range of motion in her neck and no obvious

14   deformities.  Dr. Howard found her to have a normal gait and

15   normal extremities in August of 2014.  While she complained

16   of chronic back and neck pain, Dr. Awayda found her to be

17   sitting comfortably with no swelling in her extremities.

18   When she presented for spinal pain in 2015 with complaints of

19   radiating pain to her arms and legs, Dr. Howard found her to

20   have good range of motion in both upper and lower extremities

21   and Dr. Awayda found her extremities normal to inspection.

22   In 2017, Dr. Howard found her heel-and-toe walk testing was

23   normal and she was able to get up on her tiptoes.  When

24   positive findings were noted in February and March of 2017,

25   there was only some tenderness in the low back with some

limited flexion and her gait was slow.  By May of 2017,
normal findings were again reported, and she had full range
of motion in her low back and neck.  Upstate Hospital's
records often note a normal range of motion in plaintiff's
neck and normal musculoskeletal exams.  The physical therapy
discharge note in 2014 indicated she was no longer in need of
restorative treatment.

MRIs in 2010 and 2014 showed degenerative changes
in her low back without nerve root compression.  MRIs of her
neck in 2010 and 2014 show disk herniations and stenosis with
some flattening of the cord at C3-4 through C5-6 but
vertebral bodies and disk heights were normal.

Although she had a diagnosis of degenerative disk
disease in her neck, medical treatment notes did not show
weakness in her upper extremities or decreased grip strength.
Conservative treatment of physical therapy and pain
medications were recommended and prescribed.  And as I noted
earlier, the physical therapy discharge note indicated she
was no longer in need of restorative treatment.

Based upon the treatment during the relevant time
period, the ALJ found plaintiff capable of medium work with
some restrictions to account for her musculoskeletal
impairments.

I find all of the treatment outlined above was
reviewed by the ALJ and the records provide clear and

1    substantial evidence to support the RFC determination such

2    that meaningful judicial review is possible.  Here, I find

3    the ALJ's analysis regarding plaintiff's functional

4    limitations and restrictions affords an adequate basis for

5    meaningful judicial review, applies the proper standards, and

6    is supported by substantial evidence such that additional

7    analysis would be unnecessary or superfluous.

8           Turning specifically to plaintiff's arguments that

9    the so-called treating physician rule was not properly

10   applied by the ALJ, I find that argument unconvincing.  In

11   *Estrella v. Berryhill*, 925 F.3d 90, the court noted that an

12   ALJ's failure to explicitly apply the factors listed in 20

13   C.F.R. Section 404.1527(c)(2) is procedural error, but the

14   court will affirm if a searching review of the record shows

15   that the substance of the treating physician rule was not

16   traversed.  I have done that searching review and find that

17   the substance of the treating physician rule was followed.

18          With regard to the ALJ giving no specific weight to

19   Dr. Ganesh's opinion and the employability assessments done

20   by Drs. Howard and Awayda, I find that argument unpersuasive

21   as well, since the ALJ noted he gave greater weight to

22   Dr. Chandrasekhar's opinion than those opinions, thus clearly

23   giving the opinions of Drs. Ganesh, Howard, and Awayda less

24   weight.  I find the ALJ properly assessed those opinions, and

25   he gave good reasons for not crediting the limitations

1    suggested by Drs. Howard and Awayda.  The ALJ correctly noted

2    that the assessments of those physicians were for the

3    Department of Social Services which is a different

4    governmental agency that does not apply the same disability

5    analysis as the SSA.  The ALJ also credited

6    Dr. Chandrasekhar's opinion with greater weight than the

7    other opinions because of his programmatic expertise and

8    because he reviewed all of the evidence of record through the

9    date of his April 2018 report.  Additionally, the opinion of

10   Dr. Howard that appears to be for Jobs Plus as part of the

11   Social Services review dated March 21, 2013 is outside the

12   relevant time period, and it indicates that any disability is

13   not expected to last more than one year.  I will also note

14   that Dr. Chandrasekhar's opinion set forth specific

15   functional limitations, whereas the other opinions did not.

16        Further, the ALJ also pointed to plaintiff's

17   activity level to support his RFC determination.  The record

18   shows she cooks daily, does housework and laundry with some

19   help, shops for food and clothing and can take public

20   transportation.

21        The ALJ also noted plaintiff generally had

22   conservative treatment for her back and neck and noted the

23   objective findings on examination, as I've summarized above,

24   regarding her conditions do not support a finding of

25   disability.  The opinions of Drs. Awayda and Howard on

1  plaintiff's limitations were inconsistent with treatment

2  notes and the overall medical record during the relevant time

3  period, as outlined above, showing only minimal findings and

4  conservative treatment for plaintiff's claimed disabling

5  conditions.

6          Thus, I find that the ALJ properly evaluated the

7  opinion evidence and gave good reasons for giving greater

8  weight to the opinion of Dr. Chandrasekhar than the other

9  opinions in the record.  Accordingly, remand is not required

10  on this basis.

11          All in all, I find the ALJ properly weighed the

12  opinions of record for the relevant period and considered all

13  of the medical evidence showing plaintiff's conservative

14  limited treatment through physical therapy and various

15  medications for all of her conditions, including pain

16  medication.  All of this supports the ALJ's determination of

17  plaintiff's RFC.

18          In light of the foregoing and considering the

19  entire record and the ALJ's determination, I find that the

20  ALJ applied the appropriate legal standards of review in

21  determining plaintiff's RFC and the RFC is supported by

22  substantial evidence.

23          I've considered plaintiff's brief step five

24  argument and I find it to be without merit.  Since I've found

25  that the RFC is supported by substantial evidence and correct

1  legal standards were applied, I find that the ALJ's step five

2  determination is proper.

3          So I grant defendant's motion for judgment on the

4  pleadings and will enter a judgment dismissing plaintiff's

5  complaint in this action.  A copy of the transcript of my

6  decision will be attached to the order should any appeal be

7  taken from my determination.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                   CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

 5     Official Realtime Court Reporter, in and for the

 6     United States District Court for the Northern

 7     District of New York, DO HEREBY CERTIFY that

 8     pursuant to Section 753, Title 28, United States

 9     Code, that the foregoing is a true and correct

10     transcript of the stenographically reported

11     proceedings held in the above-entitled matter and

12     that the transcript page format is in conformance

13     with the regulations of the Judicial Conference of

14     the United States.

15

16                        Dated this 17th day of January, 2020.

17

18

19                             /S/ JODI L. HIBBARD

20                             JODI L. HIBBARD, RPR, CRR, CSR
                               Official U.S. Court Reporter
21

22

23

24

25
```